UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED KIDD,<br><br>                Plaintiff,<br><br>    v.<br><br>V. BIGGS, et al.,<br><br>                Defendants. | CV F- 06-1098 OWW DLB P<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIMS WITHIN THIRTY DAYS |

      Plaintiff is a proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's complaint filed August 21, 2006.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

  A. Plaintiff's Allegations

  In the instant case, plaintiff brings action against V. Biggs, W. Oxborrow, E. Clark, Dhillon, J. Carr, S. Lantz, Montero, Nopoli, Perez, Madrid, T. Amador and R. Cazares. Plaintiff alleges that on August 26, 2004 he asked defendant Cazares to be moved from his cell for his personal safety. When he refused, plaintiff requested to be placed in Administrative Segregation. Plaintiff alleges that defendant Sergeant Biggs told him to go back to his cell. Fearing for his personal safety, plaintiff refused and was then dragged to his cell by defendant Oxborrow. He was then pushed causing him to fall. While on the ground, plaintiff again stated that it was unsafe for him to go back to the cell. Plaintiff was then picked up by defendants Biggs, Ozborrow and Dhillon who carried him to the day room and dropped him on the floor. In pain, plaintiff refused to get up and walk to his cell. Defendant Biggs then instructed officers to pick him up and toss him in his cell. After being thrown in his cell, plaintiff was disoriented and attempted to stand up. One of the defendants then instructed him to get on his knees. When plaintiff asked why, defendant Biggs grabbed plaintiff's face and slammed it into the wall. Another defendant began kicking him. Plaintiff was then placed in Administrative segregation. Later, plaintiff was taken to the MTA office where he was examined by MTA Carr and RN Williams. Defendant Perez was also present.

  Around 8:00 p.m., Plaintiff was taken to the Correctional Treatment Center. Plaintiff was left in handcuffs. Around 9:00 p.m., plaintiff asked to speak to a Lieutenant. Plaintiff made the same request at 10:00 p.m. In response, defendant Madrid instructed plaintiff to place his hands in the tray slot. When plaintiff did so, defendant Madrid squeezed plaintiff's handcuffs tighter, causing plaintiff more pain. Still in handcuffs at 12:30 a.m., plaintiff made another request to speak with a Lieutenant. When defendants Perez and Madrid denied his request, plaintiff flooded his cell.

  Sergeant Cruz and Officer Rose then came to plaintiff's cell and plaintiff informed them that he had been assualted by staff and placed in handcuffs for hours. Sergeant Cruz then left the cell, leaving plaintiff in handcuffs. After Officer Amador refused to remove plaintiff's handcuffs,

1  plaintiff kicked out the window.  Sergeant Cruz and Lieutenant Hurly responded to plaintiff's cell
2  and took photos and video of plaintiff's injuries.
3          B.      Discussion
4          "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
5  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v.
6  McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . .
7  contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and
8  citations omitted).  The malicious and sadistic use of force to cause harm always violates
9  contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at
10 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force
11 standard examines de minimis uses of force, not de minimis injuries)).  However, not "every
12 malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth
13 Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional
14 recognition de minimis uses of physical force, provided that the use of force is not of a sort
15 repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations
16 omitted).
17         "[W]henever prison officials stand accused of using excessive physical force in violation of
18 the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was
19 applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
20 cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may
21 also be proper to evaluate the need for application of force, the relationship between that need and
22 the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts
23 made to temper the severity of a forceful response."  Id. (internal quotation marks and citations
24 omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does
25 not end it."  Id.
26         Under federal notice pleading standards, plaintiff's allegations are sufficient to state a claim
27 against defendants Biggs, Oxborrow, Dhillon and Madrid.  Fed. R. Civ. P. 8(a); Swierkiewicz v.
28

1  Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.
2  2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307
3  F.3d 1119, 1125-26 (9th Cir. 2002).

4  However, plaintiff's allegations the remaining defendants fall short of stating a claim. To
5  state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of
6  state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.
7  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). An officer can be held liable
8  for failing to intercede only if he had a "realistic opportunity" to intercede. Cunningham v. Gates,
9  229 F.3d 1271, 1289 (9th Cir. 2000). Plaintiff has alleged no facts that would support a claim
10  against the remaining defendants.

11     C.     Conclusion

12  Plaintiff's complaint states a claim against defendants Biggs, Oxborrow, Dhillon and Madrid
13  for violating the Eighth Amendment through use of excessive physical force. However, plaintiff's
14  complaint does not state any other claims upon which relief may be granted under section 1983. The
15  court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to
16  do so.

17  If plaintiff does not wish to file an amended complaint and wishes to proceed against
18  defendants Biggs, Oxborrow, Dhillon and Madrid only, plaintiff may so notify the court in writing.
19  The court will then issue Findings and Recommendations recommending that the remaining claims
20  and defendants be dismissed from this action, and will forward plaintiff four summons and four
21  USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will
22  direct the United States Marshal to initiate service of process on defendants Biggs, Oxborrow,
23  Dhillon and Madrid.

24  In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule
25  15-220 requires that an amended complaint be complete in itself without reference to any prior
26  pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v.
27  Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
28

1  pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
2  original complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
4  complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy,
5  625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named
6  defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some
7  affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.
8  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
9  588 F.2d 740, 743 (9th Cir. 1978).
10       Based on the foregoing, it is HEREBY ORDERED that:
11   1.  The Clerk's Office shall send plaintiff a civil rights complaint form;
12   2.  Within **thirty (30) days** from the date of service of this order, plaintiff must either:
13      a.  File an amended complaint curing the deficiencies identified by the court in
14       this order, or
15      b.  Notify the court in writing that he does not wish to file an amended complaint
16       and wishes to proceed only against defendants Biggs, Oxborrow, Dhillon and
17       Madrid on his excessive force claim; and
18   3.  If plaintiff fails to comply with this order, this action will be dismissed for failure to
19      obey a court order.

21  IT IS SO ORDERED.
22  Dated: **May 4, 2007**          /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE