IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| ALFRED R. KIDD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 01:06-1098 BLW MHW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| V. BIGGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This case has been referred to the undersigned United States Magistrate Judge for all pretrial matters. (Docket No. 23.) Before the Court is Plaintiff's Motion for Extension of Time and Plaintiff's Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1).

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time (Docket No. 24) is GRANTED. Plaintiff shall file a response to the Defendants' Motion to Dismiss no later than March 20, 2009.

IT IS FURTHER ORDERED that Plaintiff's Motion for the Appointment of Counsel (Docket No. 25) is DENIED without prejudice. Plaintiff has been able to articulate his claims sufficiently, and it is unclear at this juncture whether any claims are potentially meritorious.[1] *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)

---

[1] Plaintiff should also be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915. *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an

(holding that counsel should be appointed under 28 U.S.C. § 1915 only in "exceptional circumstances").

DATED: February 25, 2009

Honorable Mikel H. Williams
United States Magistrate Judge

---

attorney, it can only do so if the attorney voluntarily accepts the assignment.  *Id.*