IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ALFRED R. KIDD, ) | |
| ) | Case No. 1:06-CV-1098-BLW-MHW |
| Plaintiff, ) | |
| ) | **ORDER ADOPTING** |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| V. BIGGS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Court has before it a Report and Recommendation filed by the United States Magistrate Judge (Docket No. 38) recommending denial of the pending Motion to Dismiss (Docket No. 20.). The time period for filing objections to the Report has passed without either party filing an objection. Having reviewed the Report and Recommendation and having independently reviewed the record in this case, the Court finds that the Report and Recommendation reflects an appropriate application of the law to the facts of this case. Therefore, the Court adopts the Report and Recommendation in full. The Court will also set a pretrial schedule, which the parties are ordered to follow, unless it is superseded by a subsequent order.

**Order Adopting Report and Recommendation - 1**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 38) is ADOPTED in full.

IT IS FURTHER HEREBY ORDERED as follows:

A.　Defendants' Motion to Dismiss (Docket No. 20) is DENIED; and

B.　The Clerk of Court shall cause the docket to reflect that Defendant B. Dhillon's Request for Joinder in the Motion to Dismiss (Docket No. 37) was granted by the Magistrate Judge (see Docket No. 38); however, the Motion to Dismiss in which Defendant Dhillon has joined (Docket No. 20) has been denied in this Order.

IT IS FURTHER HEREBY ORDERED that the following pretrial schedule shall govern this case unless superseded by a subsequent order:

1.　**Disclosure of Relevant Information and Documents:** On or before **October 30, 2009**, the parties shall provide each other with relevant information pertaining to the claims and defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information, as well as any relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, they

shall provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure.  Any party may request that the Court conduct an in camera review of withheld documents or information.

2. **<u>Completion of Discovery and Requests for Subpoenas</u>:**  All discovery shall be completed on or before **March 1, 2010.**  Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  Discovery is exchanged between parties, not filed with the Court.  The Court is not involved in discovery unless the parties are unable to work out their differences between themselves as to whether the discovery responses are appropriate.  In addition, all requests for subpoenas duces tecum (production of documents by nonparties) must be made by **February 26, 2009.**  No requests for subpoenas duces tecum will be entertained after that date.  To obtain a subpoena, Plaintiff must first submit to the Court the names, addresses, and the type of information sought from each person or entity to be subpoenaed, and Plaintiff must explain the relevance of the items requested to his claims.  The Court will then

**Order Adopting Report and Recommendation - 3**

determine whether the subpoenas should issue.

3. **Depositions**:  Depositions, if any, shall be completed on or before **March 1, 2010.**  If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted.  Any such depositions shall be preceded by ten (10) days' written notice to all parties and deponents.  The parties and counsel shall be professional and courteous to one another during the depositions.  The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition.  If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter

**Order Adopting Report and Recommendation - 4**

who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

4. **Dispositive Motions:** All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **May 3, 2010.** Responsive briefs to such motions shall be filed within thirty (30) days after service of motions. Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  **No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.**

DATED:  **September 28, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order Adopting Report and Recommendation - 5**